UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jamie Lee Iverson,                                                    Civil No. 12-334 RHK/AJB

                Plaintiff,

v.                                                                             **REPORT AND RECOMMENDATION**

Michael J Astrue,
Commissioner of Social Security,

                Defendant.


This matter comes before the court, Chief Magistrate Judge Arthur J. Boylan, United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for report and recommendation to the district court that this matter be dismissed for failure to prosecute. The plaintiff filed a complaint on February 7, 2012, seeking review of defendant's decision denying applications for Disability Insurance Benefits and Supplemental Security Income. The defendant timely filed an Answer, along with the administrative record, on July 23, 2012.

Pursuant to District of Minnesota Local Rule 7.2(b)(1) the plaintiff is required to serve a motion for summary judgment on the defendant within 60 days after service of the Answer and Transcript. Plaintiff moved for a 30-day extension of time to file her motion for summary judgment on October 10, 2012, and an extension of time was granted by Order dated October 15, 2012, therein allowing the plaintiff until November 12, 2012, to file her motion. Plaintiff's motion for summary judgment was not filed by that date and no motion has since been filed.

On November 15, 2012, the court issued an Order to Take Action in which the plaintiff was advised of her failure to timely file a motion for summary judgment and was

expressly ordered to "either serve and file a motion for summary judgment or state cause why [] this matter should not be dismissed for failure to comply with the court's Order dated October 15, 2012, as well as failure to timely file such motion for summary judgment." Plaintiff was further notified that unless she timely complied with the Order to Take Action, a recommendation for dismissal of the action may be submitted to the district court. Plaintiff did not file a motion or memorandum within the additional times allowed pursuant to the Order giving her until November 12, 2012, to file the motion, or the subsequent Order to Take Action giving her until November 20, 2012, to either file a motion or state cause why the matter should not be dismissed. More than 120 days have now passed since the Answer and Transcript were filed and served and no motion by the plaintiff for summary judgment has been served or filed in this case. Furthermore, plaintiff has not requested an additional extension of time to file a motion for summary judgment, and she has not advised the court of good cause for failing to comply with the Local Rules or the court's Order on Motion to Extend Time or Order to Take Action.

Dismissal without prejudice is a minimal sanction for plaintiff's failure to take action as required by court order.[1] The court's authority to dismiss an action for failure to take action is necessary to prevent undue delay in the disposition of cases and is recognized under Fed. R. Civ. P. 41(b) as an adjudication on the merits. Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962). Pursuant to the court's inherent case management and administration

---

[1] Though dismissal of this action without prejudice means plaintiff is not prohibited from refiling her Social Security appeal in United States District Court, a subsequent appeal would likely be subject to the 60-day limitation on time for appeal as to which the plaintiff was expressly advised in the Notice of Appeals Council Action dated December 5, 2011.

responsibilities, dismissal of this action without prejudice is an appropriate sanction. Fed. R. Civ. P. 41(b).

Therefore, **IT IS HEREBY RECOMMENDED** that this matter be **dismissed** without prejudice for failure to prosecute in compliance with the court's Order on Motion to Extend Time dated October 15, 2012, the Order to Take Action dated November 15, 2012, and Local Rule 7.2(b)(1).

Dated:   November 29, 2012

 s/Arthur J. Boylan
Arthur J. Boylan
United States Chief Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. **Written objections must be filed with the Court before December 21, 2012**.